FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JUL 26 PM 12: 11

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGIL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-0612** |
| **RODNEY JACK STRAIN, JR.** | **SECT. "I", MAG. 1** |

### MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, come defendants Deputy Shane Parker, and Sergeant John Callahan, who move this Court for an order granting defendants summary judgment pursuant to Fed. R. Civ. P. 56 on the grounds that the pleadings, admissions, affidavits and depositions on file and filed in support of this motion show that there is no genuine issue of material fact and movers are entitled to judgment as a matter of law.

TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.

BY: _____
R. BRADLEY LEWIS T.A. (#8657)
Union Planters Bank Building
4565 LaSalle St., Suite 300
Mandeville, Louisiana 70429-0340
(985) 624-5010
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished counsel of record by placing copy of same in the U.S. mail postage prepaid, this 22 day of July, 2004.

_____

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGIL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-0612** |
| **RODNEY JACK STRAIN, JR.** | **SECT. "I", MAG. 1** |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THIS HONORABLE COURT:**

This memorandum is submitted in support of the Motion For Summary Judgment filed by defendants Deputy Shane Parker and Sergeant John Callahan. It is respectfully submitted that the Motion for Summary Judgment on behalf of defendants should be granted because the pleadings and affidavits submitted in support of this motion and on file with this Court show that there is no material issue of fact and defendants are entitled to Judgment as a matter of law.

### I.   FACTS

Defendants previously filed a Motion to Dismiss for, among other reasons, plaintiff's failure to state a claim against defendants. On December 16, 2003, this Court issued a Partial Report and Recommendation recommending that defendants' Motion to Dismiss filed in this

matter be granted with respect to all plaintiff's claims except plaintiff's excessive force claims made against defendants Deputy Shane Parker, Billy Joe Inman, and Sergeant James Callahan. The Magistrate's recommendation was adopted by the District Judge on January 6, 2004. To date, service has not been perfected on named defendant Bully Joe Inman.

Plaintiff claims that these defendants used excessive force on him. However, the incident report being submitted in support of this motion sets forth undisputed facts which show that the force used by the deputies was reasonable and necessary to control a combative and verbally abusive inmate. In addition, the affidavits submitted in support of this motion shows that Deputy Inman's use of O.C spray (pepper spray) on inmate Smith was also necessary to control the inmate's aggressive behavior.

The alleged incident occurred on January 16, 2003 when the deputies were removing inmates form the tier to be transported to court. As plaintiff emerged from the sally port of the jail, Deputy Inman asked plaintiff to move toward the wall in order that the transportation hardware could be placed on the inmates. Plaintiff began to move toward the wall, the he immediately broke free and started toward the medical personnel who were giving out medication in that area. Once again, Deputy Inman verbally instructed plaintiff to get against the wall. Because plaintiff again refused to comply with Deputy Inman's instructions, Deputy Inman grabbed plaintiff by the arm in order to escort plaintiff to the wall. Plaintiff pulled away from Deputy Inman and again started toward the medical personnel. When Deputy Inman attempted to grab plaintiff, he again turned toward Deputy Inman in an aggressive manner, at which time Deputy Inman pulled out his O.C. spray and administered a 1-second burst in accordance with the procedure regarding the use of O.C. spray. Plaintiff again moved toward Deputy Inman in an aggressive manner and Deputy Inman applied another 1-second burst to

plaintiff. At this time, two other deputies secured plaintiff and attempted to handcuff him; however, plaintiff continued to resist despite numerous verbal orders by the deputies to stop resisting. After sometime of struggling with plaintiff, he finally cooperated. Deputy Inman along with another deputies, escorted plaintiff to wash down to be decontaminated. While in the wash down area, plaintiff continued to be verbally abusive and made numerous threats toward the deputies. After being asked several times by the deputies, plaintiff eventually got dressed and was escorted to court.

Plaintiff filled out an inmate request form (not an ARP Grievance) the next day complaining "Officer Immite gas me without a reason." Plaintiff also complained that he was not taken to medical, but did not state that he was injured or harmed in any way. Plaintiff made no complaints about any other deputy at this time.

In this lawsuit, inmate Smith has alleged that Deputy Shane Parker beat him up in the shower. However, the allegation about this incident are unclear and do not include the date and time. If this allegation is that Deputy Shane Parker beat him up in the shower room where he was washing up from being sprayed with OC spray on January 16, 2003, then the allegation is a complete and deliberate falsehood since Deputy Shane Parker was not present when the spraying or washing took place. If the allegation is meant to refer to an incident involving Deputy Parker and inmate Smith on October 13, 2002, then it refers to an incident which did not occur in the shower, did not cause any harm or injury to Smith, and did not involve the use of violence or force against Smith. It was an incident in which Deputy Parker used inmate Smith to demonstrate certain defensive tactics to another deputy. This was done after Smith agreed to be in the demonstration.

3

In addition the facts concerning both incidents show that Smith was not injured or harmed, in either incident. Therefore, even if Smith's allegations were true concerning the facts of the incidents (and these are not true), his injuries are non-existent or *de minimis*, and therefore insufficient to support a § 1983 claim.

Defendants respectfully bring this motion to show this Court that defendants Deputy Shane Parker, and Sergeant John Callahan are entitled to a judgment as a matter of law on the remaining excessive force claims. In support of this motion, defendants have submitted the following documents and affidavits:

1. A certified copy of the St. Tammany Parish Jail file of inmate Virgil Smith;
2. A certified copy of the St. Tammany Parish Jail medical record of inmate Virgil Smith;
3. Statement Report Forms regarding the alleged incident that occurred on January 16, 2003;
4. Affidavit of Deputy Warden Greg Longino (with attachments); and
5. Affidavit of Sergeant John Callahan.

These documents and affidavits, along with the pleadings previously filed, clearly show that plaintiff's has failed to establish any material fact to support his claim and therefore, his claim should be dismissed.

These documents and affidavits also show that the use of force, if any, upon plaintiff was reasonable and the deputies used only the force necessary to gain control of a combative prisoner. In addition, the documents and affidavits also establish without doubt that plaintiff has failed to exhaust his administrative remedies in accordance with the jail's administrative remedy procedure as required under 28 U.S.C. § 1997e(a) prior to filing his federal lawsuit.

## II. LAW AND ARGUMENT

### A. STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary Judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); and *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2305, 91 L.Ed. 202 (1986). The *Celotex* case makes it absolutely clear that after adequate time for discovery, summary judgment should be granted when plaintiff has failed to establish an element essential to the claim and there are no genuine issues of material fact:

> In our view, the plain language of Rule 56c mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex* at 273.

It is respectfully submitted that summary judgment should be granted since plaintiff has failed to present any facts, through discovery or otherwise, to support an excessive force claim against defendants. In addition, plaintiff has failed to prove that he had exhausted all administrative remedies available to him as required by 42 U.S.C. § 1997e(a) before filing his federal lawsuit. Clearly, plaintiff has established no genuine issue of material fact in this matter to support his claims against these defendants. Therefore, defendants are entitled to summary judgment as a matter of law.

B. **PLAINTIFF FAILED TO EXHAUST <u>ALL</u> ADMINISTRATIVE REMEDIES AVAILABLE TO HIM BEFORE FILING SUIT**

As shown by plaintiff's jail file, plaintiff has failed to exhaust <u>all</u> the administrative remedies available to him at the St. Tammany Parish Jail before filing his complaint. (See, Attachment A). The applicable provision of the Prison Litigation Reform Act of 1996 is 42 U.S.C. § 1997e(a), which reads as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title or any other law or any other Federal law by a prisoner confined in a jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Prior to the amendments made in 1996 to the Prison Litigation Reform Act, the Federal District Court had discretion to stay a case for a period of 180 days if it believed that it would be in the interest of justice to allow the prisoner a second chance to try to exhaust his available administrative remedies. The changes made in 1996 made dismissal mandatory rather than discretionary. *Morgan v. Arizona Dep't of Corrections*, 976 F.Supp. 892, 894 (D. Az. 1997). The *Morgan* case pointed out by enacting this amendment Congress clearly had the following goals in mind: 1) to curb frivolous prisoner suits; 2) to discourage courts from micro-managing prison systems. *Id.* at 984; *Zehner v. Trigg*, 952 F.Supp. 1318, 1324 (S.D. Ind. 1997); *Montez v. Swart*, 1998 WL 158643 (N.D. Tex); *Delgado v. Randall County, TX*, 1998 WL 159937 (N.D. Tex.); *Havard v. Scott*, 1998 WL 289257 (N.D. Tex.).

In *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), the Fifth Circuit, while holding that the requirement to exhaust administrative remedies was not jurisdictional, held that if a plaintiff had not exhausted his administrative remedies, dismissal **with prejudice** was the correct action under the statute. The court pointed out that if a plaintiff filed suit before

6

exhausting his administrative remedies, then that plaintiff sought relief to which he was not entitled.

The Fifth Circuit in *Wendell v. Asher,* 162 F.3d 887 (5th Cir. 1998), held that "prison condition" actions required the application of the exhaustion requirements set forth in § 1997e(a). In *Booth v. Churner,* 532 U.S. 731; 121 S.Ct. 1819; 149 L.Ed.2d 958 (2001), the Supreme Court upheld the district court's dismissal of plaintiff's § 1983 by holding that exhaustion of all remedies was mandatory prior to filing his suit. The Court further held that exhaustion was required regardless of the relief available or sought.

Although *Booth* is a case dealing with a prisoner's excessive force claim, the Fifth Circuit has made it clear on several occasions that *Booth* expressed that exhaustion of available remedies are required regardless of the nature of the prisoner's claim about the correctional facility and regardless of the relief the prisoner seeks:

> Quibbles about the nature of a prisoner's complaint, the type of complaint, the type of remedy sought, and the sufficiency or breadths of prison grievance procedures were laid to rest in *Booth.*

*Wright v. Hollingsworth,* 260 F.3d 357 (5th Cir. 2001).

The United States Supreme Court in *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), made it clear that in cases involving a prisoner's condition of confinement, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. The Fifth Circuit cites *Porter* in its decision in *Clifford v. Gibbs, et al.,* 2002 U.S. App. LEXIS 13903, *citing Porter v. Nussle,* 534 U.S. 516 (2002), affirming this Court's decision dismissing a failure to protect case for failure to exhaust administrative remedies.

7

Plaintiff admits in his complaint that there was a prisoner grievance procedure in place at the St. Tammany Parish Jail and claims that he presented the facts relating to his complaint in the prisoner grievance procedure. Plaintiff also claims that he did not receive a response before filing lawsuit.

As stated in the affidavit of Deputy Warden Longino, the St. Tammany Parish Jail had an administrative grievance procedure in place at the time of the alleged incident and plaintiff never filed a grievance concerning his claims that deputies used excessive force on him on January 16, 2003. These facts established by Deputy Warden Longino's affidavit are undisputed. Deputy Warden Longino's affidavit as well as plaintiff's jail file shows without doubt that plaintiff failed to comply with the provisions of 42 U.S.C. § 1997e(a) and did not exhaust <u>all</u> his available remedies before filing his lawsuit. It is an undisputed fact that even if plaintiff had filed a grievance concerning this claim (which is denied), plaintiff failed to pursue any supposed grievance to the next step.

Even assuming that plaintiff's claim that he filed a grievance and filed this lawsuit after he failed to receive a response to a grievance is true (which is denied), the filing of the purported grievance at most *initiated* the grievance procedure; however, it did not *exhaust* his remedies as required by 28 U.S.C. 1997e(a). In *Underwood v. Wilson*, 151 F.3d 292, 294, (5th Cir. 1998)(*quoting* Webster's New Int'l Dictionary 796, (3rd ed. 1981)), the Fifth Circuit defined *exhaust* as "to take complete advantage of (legal remedies)." Clearly, the filing of a First Step grievance does not constitute exhaustion since § 1997e(a) requires that an inmate "pursue the grievance remedy through conclusion" in a multi-step grievance process. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001).

8

Plaintiff claimed in paragraph II B of his complaint that he filed a grievance relating to the issues in the complaint. However, it is now an undisputed fact that he did not file any ARP grievance involving the issues before this court. (See, Attachment 4, Longino's Affidavit, ¶¶ 15-19, 23). Plaintiff even admitted in paragraph II C of his complaint that he did not exhaust all of his administrative remedies.

In a case where the plaintiff claims he filed suit after he filed two grievances and received no responses (which was also denied in that case), this Court agreed that failure to receive a response does not relieve a prisoner from his obligation to pursue all available administrative remedies to their conclusion and granted defendants' motion for summary judgment and dismissed plaintiff's case based on plaintiff's failure to exhaust his administrative remedies and held as follows:

> If plaintiff did indeed file the purported grievances and penal officials either negligently or intentionally failed to provide a First Step response, the Court can understand plaintiff's frustration and would look with disfavor on the failure of officials to respond as required by the administratively remedy procedure. Nevertheless, **such a failure on the part of the First Step review would not absolve plaintiff of his obligation to pursue all available administrative remedies to their conclusion and does not give plaintiff entrée to proceed directly to federal court.**
> ……………..
>
> **To allow plaintiff, who clearly did not proceed beyond the first step of the multi-step administrative remedy procedure, to proceed directly to federal court would undermine the congressional intent of § 1997e(a).**

*Cassisi v. St. Tammany Parish Medical Staff, et al,* USDC, Eastern District, No. 01-3452 "J" (1) (emphasis supplied).

Therefore, it is clear that this Court should hold the same in the instant case and grant defendants' motion for summary judgment and dismiss plaintiff's claims.

### C. DEFENDANTS ENTITLED TO QUALIFIED IMMUNITY ON EXCESSIVE FORCE CLAIMS

Defendants have plead the defense of qualified immunity as a bar not only to a judgment against them but as a bar to this civil suit proceeding.

At all times pertinent to the events, which this lawsuit is based, defendants were acting lawfully within the course and scope of their discretionary duties. Sheriff's deputies performing discretionary functions are entitled to qualified immunity shielding them from individual liability as long as their actions do not violate clearly established statutory or constitutional rights of which a reasonable person in the defendant's position would have known. *Anderson v. Creighton*, 483 U.S. 635, 638-39, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); and *Elliott v. Perez*, 751 F.2d 1472, 1477 (5th Cir. 1985).

Clearly, the use of force by defendants, if any, was made in an effort to maintain control of a possibly volatile situation in dealing with an aggressive and combative prisoner and the facts in this case show that the force used by the deputies was reasonable, necessary, and limited. The question of whether these deputies has the defense of qualified immunity is determined by the standard set forth by the United States Supreme Court:

> "Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."

*Whitley v Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d. 251,261 (1986).

When Deputy Billy Joe Inman used OC spray on Smith, he did so after inmate Smith had disobeyed his verbal commands, after he had tried to grab inmate Smith and lead him to the place where he was suppose to be, and after inmate Smith aggressively charged him. At the time that inmate Smith was coming toward him, Deputy Inman knew that inmate Smith was accused

of first degree murder, had been in several fights with inmates, and was charged with conspiracy to commit murder on two deputies and their families. (Attachment 5, Callahan Affidavit ¶ 6). Clearly, Deputy Inman's only intention in using the OC spray was to restore order and avoid injury to himself, inmate Smith or others.

It is undisputed that the force, if any, used by defendants was used in good faith to defend and protect themselves and others against a physically aggressive and combative inmate. It is undisputed that the force was not used maliciously or sadistically and as a matter of law, defendants are entitled to the defense of qualified immunity. *Colston, v. Barnhart*, 130 F.3d 96 (5th Cir. 1997); *Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993); and *Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992).

The defense of qualified immunity is a defense to protect the defendants not only against liability but also against suit. *Spann v. Rainey*, 987 F.2d 1110 (5th Cir. 1993). In order to overcome a defense of qualified immunity, plaintiff's complaint must state more than mere conclusions. The Fifth Circuit has said that a "heightened" standard is necessary. *Babb v. Dorman* 33 F.3d 472, 475 (5th Cir. 1994), *citing Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). A plaintiff must plead with particularity facts that if proven would defeat the defense. *Elliott* at 1479. Plaintiff has made only unsubstantiated conclusionary allegations against these defendants and has failed to establish any basis of fact that would support his claims.

Furthermore, the Fifth Circuit has held that a police officer was entitled to qualified immunity in an excessive force § 1983 claim when their actions are objectively reasonable. *Wagner v. Bay City,* 2000 WL 1285264 (5th Cir.). In *Wagner,* the Court held that the actions of the officers were objectively reasonable where the arrestee had resisted arrest and struck an officer with his fists, and the police officers responded by spraying the arrestee with pepper

spray, facing him face down in the pavement to handcuff him and placed a shin across his back to hold him down and placed him on his stomach in the patrol car to transport him to jail.

The affidavits submitted in support of the summary judgment clearly established that the only force these deputies used to control plaintiff was to grab his arm in order to escort him to the wall. Clearly, the touching by these deputies was used in order to control plaintiff's combative and aggressive behavior and to prevent plaintiff from harming anyone else that was in the area. In view of the *Wagner* decision, their actions in doing so and also the actions in spraying him with pepper spray were clearly reasonable. Based on *Wagner,* the actions of deputies in this case were clearly objectively reasonable in dealing with the combative prisoner and taking control of a volatile situation. There is absolutely no evidence that they acted maliciously or sadistically; therefore, these defendants are entitled to summary judgment as a matter of law.

### D.  PLAINTIFF'S INJURIES, IF ANY, DE MINIMUS

Although defendants deny their actions caused any harm to plaintiff, it is respectfully submitted that under *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed2d 156 (1992), defendants are entitled to summary judgment since any injuries that plaintiff may have suffered are insignificant and *de minimis*.

Virgil Smith's jail file and medical records show that he was not injured or harmed in any way by the demonstration incident of October 13, 2002. In fact, he did not complain of any such harm in his medical records or by submitting any grievance or inmate request form. It is not even certain that his claim that he was beaten up by Deputy Parker in the shower is related to this incident. However, it is certain that there is no evidence in Smith's jail file or medical records indicating any harm or injury as a result of any such shower incident.

Likewise, it is clear that he did not suffer any harm from the incident of January 16, 2003, in which he was sprayed with OC spray. He did not file a grievance through the jail's administrative remedy procedure over this incident. He did complain about the incident on an inmate request form filled out the same day of the incident. His complaint on that form was over his alleged belief that the spraying was unjustified "for no reason", not that he had been injured.

In fact, there is nothing in plaintiff's jail medical records concerning the spray incident until February of 2004. This was well after a motion to dismiss had been filed and ruled on by the Honorable Court. The absence of any complaint of effects of the spray from January 16, 2003 until February 2004 in his medical records is significant because he had many visits to the medical department during this time.

Even taking plaintiff's claims as true, it is clear that these alleged injuries alone are *de minimis* and insufficient to support a § 1983 claim against these defendants. Clearly, defendants are entitled to summary judgment based on *Hudson*.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Motion for Summary Judgment should be granted and a judgment should be entered dismissing all of plaintiff's claims against defendants with prejudice at plaintiff's cost.

Respectfully submitted,

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY: _____
R. BRADLEY LEWIS  T.A. (#8657)
Union Planters Bank Building
4565 LaSalle St., Suite 300
Mandeville, LA  70471
(985) 624-5010
ATTORNEYS FOR DEFENDANTS

CERTIFICATE
I HEREBY CERTIFY that a copy of the above and foregoing has been furnished counsel of record by placing copy of same in the U.S. mail, postage prepaid, this ___ day of July, 2004.

13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGIL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-0612** |
| **RODNEY JACK STRAIN, JR.** | **SECT. "I", MAG. 1** |

### MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

Defendants Deputy Shane Parker and Sergeant John Callahan submit the following list of material facts to which there is no genuine issue to be tried:

1. Plaintiff Virgil Smith was a prisoner at the St. Tammany Parish Jail on the day the lawsuit was filed. (Attachment 1).

2. The St. Tammany Parish Jail had in place an administrative remedy procedure for providing administrative remedies for inmate grievances in place at the time incident upon which this lawsuit is based occurred. (Attachment 4).

3. Inmate Virgil Smith did not file a grievance concerning the incidents upon which this lawsuit is based prior to filing this federal lawsuit. (Attachment 1 and 4, ¶¶ 15-19, 23).

4. Inmate Virgil Smith could have invoked the jail's administrative remedy procedure by filing a grievance that would have been referred to the first respondent, which would have been Deputy Warden Greg Longino. If he was dissatisfied with Deputy Warden

Longino's decision, inmate Smith had a right under the administrative remedy procedure to appeal that response to the Warden. If he was dissatisfied with the Warden's response on his appeal, he could appeal the Warden's decision to Sheriff Strain. (Attachment 4).

5. Suing defendants without first giving Sheriff Strain a chance to remedy Smith's grievance is prohibited by the Prison Litigation Reform Act of 1996 (42 U.S.C. § 1997e(a)).

6. Inmate Virgil Smith never filed a grievance in accordance with the jail's administrative remedy procedure, concerning his claim that excessive force was used on him by defendants while incarcerated at the St. Tammany Parish Jail prior to filing his lawsuit. (Attachment 1 and 4).

7. Deputy Shane Parker was not present during the incident of January 16, 2003 in which it was necessary for Deputy Inman to spray Smith with OC spray, and Deputy Parker was not present in the shower area where inmate Smith was decontaminated. (Attachment 3 and 4).

8. Inmate Virgil Smith never filed a grievance in accordance with the jail's administrative remedy procedure in regards to the incident of October 13, 2002 in which Deputy Parker used Inmate Smith to demonstrate defensive tactics. (Attachment 1 and 4, ¶ 23).

9. Inmate Virgil Smith was not injured nor harmed in anyway as a result of the demonstration incident of October 13, 2002. (Attachment 2 and 4, ¶ 21).

10. Inmate Virgil Smith was not injured nor harmed in any way as a result of the OC spray incident of January 16, 2003. (Attachment 2 and 4, ¶¶ 25-31).

TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.

CERTIFICATE
I HEREBY CERTIFY that a copy of the above and foregoing has been furnished counsel of record by placing copy of same in the U.S. mail postage prepaid this ___ day of July, 2004.
_____

BY: _____
R. BRADLEY LEWIS (#8657)
Union Planters Bank Building
4565 LaSalle St., Suite 300
Mandeville, LA 70471
(985) 624-5010
ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGIL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-0612** |
| **RODNEY JACK STRAIN, JR.** | **SECT. "I", MAG. 1** |

## NOTICE OF MOTION FOR SUMMARY JUDGMENT

TO: Virgil Smith, *pro se* plaintiff
St. Tammany Parish Jail
P.O. Box 908
Covington, LA 70434

**PLEASE TAKE NOTICE** that undersigned counsel for defendants Deputy Shane Parker, and Sergeant John Callahan, will bring the attached Motion for Summary Judgment for hearing before Honorable Sally Shushan, United States Magistrate Judge, at courtroom B309, 500 Camp Street, New Orleans, Louisiana, on the 11th day of August, 2004, at 9:00 a.m. or as soon thereafter as counsel may be heard.

TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.

BY: _/s/ R. Bradley Lewis_
R. BRADLEY LEWIS  T.A. (#8657)
4565 LaSalle Street, Suite 300
Mandeville, LA  70471
(985) 624-5010
ATTORNEY FOR DEFENDANTS

CERTIFICATE
I HEREBY CERTIFY that a copy of the above and foregoing has been furnished counsel of record by placing copy of same in the U.S. mail, postage prepaid, this 22nd day of July, 2004.

_/s/ R. Bradley Lewis_

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**